**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KRISTINA JESTERLE MONTOYA HAAS,** | § § § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00278-RP** |
| | § | |
| **NEWREZ LLC,** | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant NewRez LLC's Motion for Summary Judgment, filed February 16, 2024 (Dkt. 11); Plaintiff Kristina Jesterle Montoya Haas' Response, filed March 19, 2024 (Dkt. 13); and Defendant's Reply, filed March 25, 2024 (Dkt. 14). By Text Order entered April 1, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   Background

On March 24, 2006, Thomas R. Montoya ("Montoya") took out a home equity loan for $94,500 from Home123 Corporation ("Loan") secured against his home located at 325 South Frio Street, Lockhart, Texas 78644 ("Property"). Dkt. 11-1 at 7, 10. Montoya and his wife, Karin A. Montoya, executed a security instrument ("Security Instrument") against the Property the same day. *Id.* at 13, 15. The Loan is now held by Deutsche Bank, and Defendant NewRez LLC is the lending affiliate of New Residential Mortgage LLC, which owned rights to service the Loan for Deutsche Bank. *Id.* at 2-3; Dkt. 13 at 2.

1

Karin Montoya died on April 25, 2015, and Thomas Montoya died on August 1, 2015. Dkt. 11-1 at 4. On May 12, 2020, Montoya's daughter, Plaintiff Kristina Jesterle Montoya Haas, was appointed the executor of her father's estate. Dkt 13-1 at 5. Haas inherited the Property and, as the executor of Montoya's estate, conveyed the property to herself. Dkt. 13 at 2.

No one assumed the Loan and the Property remained mostly vacant between 2017 and 2022, falling into disrepair. Dkt. 11 at 3; Dkt. 11-1 at 4. NewRez alleges that Haas resisted its attempt to judicially foreclose on the Property, and that it incurred substantial costs related to the legal proceedings and repair of the Property. Dkt. 11 at 3; Dkt. 11-1 at 4.

On April 7, 2022, Haas sold the Property to Legacy Rose Capital LLC for an unstated amount. Dkt. 11-1 at 4-5; Dkt. 13 at 3. NewRez asked for $195,594.88 from the sale proceeds to release its lien, which Haas paid. Dkt. 11-1 at 4. The sum included $79,295.24 in fees for maintenance, repair, and legal fees relating to the Property. *Id.* Haas alleges that she asked NewRez for an itemization of the fees, but NewRez has not provided it. Petition, Dkt. 1-1 at 13-14.

Haas sued NewRez in state court, alleging breach of contract and statutory fraud and seeking an accounting of the $79,295.24 in expenses. *Id.* at 14. NewRez removed the case to this Court on the basis of diversity jurisdiction and now moves for summary judgment on all claims.

## II.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.

Once the moving party has shown the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 585 n.10, 586-87. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.  Analysis

NewRez argues that Haas lacks standing to assert a breach of contract claim, and that her fraud and equitable accounting claims fail as a matter of law. Haas disputes each argument.

### A. Breach of Contract

Haas alleges that NewRez breached the loan contract by charging "exorbitant amounts" for undocumented or duplicative services. Dkt. 1-1 at 14. NewRez argues that Haas lacks standing to assert a breach of contract claim because she was not a party to the loan agreement or an intended beneficiary.

#### 1.  Haas Does Not Have Contractual Standing in Her Individual Capacity

In a suit for breach of contract in Texas, "only the parties have standing to sue on a contract, unless a third party can demonstrate that the contract was made for their benefit." *Chartis Specialty Ins. v. Tesoro Corp.*, 113 F. Supp. 3d 924, 936 (W.D. Tex. 2015). Plaintiffs in foreclosure cases cannot sue for breach of contract if they are not a party to the deed of trust and never assumed the borrower's interests under the loan agreement. *Spraggins v. Caliber Home Loans, Inc.*, No. 3:20-

cv-01906-S-BT, 2020 WL 8366645, at *9 (N.D. Tex. Dec. 31, 2020), *R. & R. adopted*, 2021 WL 311869 (N.D. Tex. Jan. 29, 2021).

Haas does not claim that the contract was made for her benefit, but argues that she has standing to sue as her father's successor in interest because she inherited the Property. Dkt. 13 at 5-6. The Security Instrument states that "any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument." Dkt. 11-1 at 22. NewRez submits a declaration from Gina Feezer, an analyst from the Loan's sub-servicer, that no one assumed the loan after Montoya's death. Dkt. 11-1 at 4.

Haas first argues that she "legitimately assumed the Borrower's position under the contract" because, acting as Montoya's executor, she transferred the Property from the estate to herself "subject to all recorded instruments." Dkt. 13 at 5. Haas argues that she was assigned the Loan by "inheriting the [Loan] obligations" after Montoya's death. *Id.* But the Security Instrument required Haas to affirmatively assume the Loan in writing and to be approved before obtaining her father's rights under the contract, so the Court finds that inheriting the Property did not confer contractual standing to her. *Baker v. U.S. Bank, N.A.*, No. 4:16-cv-00407-O-BP, 2017 WL 1155892, at *3 (N.D. Tex. Mar. 10, 2017), *R. & R. adopted*, 2017 WL 1133422 (N.D. Tex. Mar. 27, 2017).

Haas also argues that she assumed the Loan when she applied for a loan modification with NewRez. NewRez received Haas' application and sent her a letter stating that her "account has been approved for a mortgage assistance offer," but the modification was not yet complete and three trial payments were necessary "to be considered for a modification." Dkt. 13-1 at 7. Haas argues that NewRez has "ratified" her "standing as a party to the contract" by accepting her application and receiving her trial payments, but provides no evidence that she made those

4

payments. Dkt. 13 at 8. NewRez contends that Haas' evidence does not show that it agreed to modify the Loan or that it approved Haas to assume the Loan.

The evidence suggests Haas requested a loan modification but does not show that NewRez or Deutsche Bank approved the modification. *See Meschin v. US Bank Nat'l Ass'n*, No. A-13-CV-376 LY, 2013 WL 12394420, at *4 (W.D. Tex. Aug. 28, 2013) (finding that trial period letter was "at most an offer to temporarily accept reduced payments from Plaintiff while his eligibility for a permanent modification was being evaluated"), *R. & R. adopted*, 2013 WL 12394449 (W.D. Tex. Sept. 23, 2013). The trial payments were not a modification but a temporary forbearance agreement while NewRez decided whether to approve the modification. *Id.* There is no evidence that NewRez or Deutsche Bank approved Haas for a modification after she made the trial payments.

The Court finds that Haas has not shown that she assumed the Loan and therefore lacks contractual standing to assert a breach of contract claim in her individual capacity.

### 2. Haas Has Contractual Standing in Her Capacity as Executor

Next, Haas argues that she has standing to assert breach of contract on behalf of her father's estate in her capacity as his executor. Dkt. 13 at 6. NewRez argues that it is inappropriate for Haas to assert representative standing in her response because she did not expressly bring her claim for breach of contract in her capacity as Montoya's executor. Dkt. 14 at 2.

Whether a plaintiff may bring a claim on behalf of another is a question of prudential standing, which "does not present a jurisdictional question, but 'a merits question: who, according to the governing substantive law, is entitled to enforce the right?'" *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022) (quoting *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017)). Capacity to sue for an individual acting in a representative capacity is determined by the law of the state in which the

court is located. FED. R. CIV. P. 17(b)(3). An executor may bring a suit in Texas to recover "personal property, debts, or damages." TEX. EST. CODE § 351.054(a).

In her Petition, Haas alleges that NewRez "violated the terms of the contract between the parties evidenced by the note and deed of trust secured by the real property to which Plaintiff is heir." Dkt. 1-1 at 14. The Petition mentions neither the estate nor that Haas was appointed Montoya's executor. But Rule 17(a)(1)(A) permits an executor to sue in her own name "without joining the person for whose benefit the action is brought," and Haas has presented uncontroverted evidence that she is the executor of her father's estate. Dkt. 13-1 at 4.

NewRez does not contest that Montoya's estate would have contractual standing, but argues that Haas' claim should be dismissed nonetheless because she did not bring the suit in her capacity as Executor. This argument "asks this Court to elevate form over substance due to a defect in pleading." *Kingman Holdings, L.L.C. v. Midfirst Bank*, No. 5:16-CV-361-DAE, 2016 WL 5939366, at *3 (W.D. Tex. Oct. 12, 2016). Haas alleges that NewRez violated the contract in the note and Security Instrument Montoya signed and seeks to recover for the alleged breach. Dkt. 1-1 at 14. Under the Court's liberal pleading standard, the Court finds that Haas has proceeded as executor of Montoya's estate. *See Kingman Holdings*, 2016 WL 5939366, at *3 (finding that trustee had standing despite not expressly stating that it was proceeding in its capacity as trustee).

The Court concludes that Haas has standing to assert a breach of contract claim on behalf of her father's estate. Because NewRez asserts no other grounds for summary judgment on her breach of contract claim, it has not shown that it is entitled to judgment as a matter of law.

**B.  Fraud in a Real Estate Transaction**

Haas brings her claim for fraud involving a real estate transaction under Texas Business & Commerce Code § 27.01. Section 27.01 defines fraud in a "transaction involving real estate or

6

stock" to include a "false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract." Under § 27.01, a "transaction" occurs "when there is a sale or a contract to sell real estate or stock between the parties." *Siens v. Trian, LLC*, No. A-11-CV-075-AWA, 2014 WL 1900737, at *5 (W.D. Tex. May 13, 2014). The statute applies only to fraud in real estate or stock transactions, not to loan transactions, even if they are secured by real estate. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008).

NewRez contends that this claim fails because there was no contract between it and Haas to sell the Property and so there was no real estate transaction between them under the statute. Haas does not dispute that § 27.01 would not apply to the loan transaction between Montoya and NewRez because it was not a real estate transaction. Dkt. 13 at 8; *Dorsey*, 540 F.3d at 343. Instead, she argues that her claim falls within the bounds of the statute because it arises out of her sale of the Property to Legacy Rose Capital. Haas argues that her claim is "rooted in the Defendant's misrepresentation of the payoff amount" and that she relied on that misrepresentation in deciding to proceed with the sale. Dkt. 13 at 8.

Because Haas sold the Property was to a third party, NewRez did not participate in a transaction with her involving asale or contract to sell real estate. Haas offers no authority for her argument that NewRez is liable for fraud in a real estate transaction in which it did not participate. The Court recommends that the District Court grant judgment to NewRez on this claim as a matter of law.

## C. Equitable Accounting

Finally, NewRez argues that Haas' claim for an equitable accounting of its deductions fails because she does not allege or provide any evidence to show that the facts or accounts are

"complex." Dkt. 11 at 8. Haas argues that she is entitled to an accounting because she has been unable to obtain records necessary to verify NewRez's charges through discovery.

Although equitable accounting is generally treated as a remedy instead of an independent cause of action, *Noble Cap. Tex. Real Est. Income Fund LP v. Newman*, No. 1-22-CV-652-DAE, 2024 WL 1481435, at *10 (W.D. Tex. Jan. 31, 2024), *R. & R. adopted*, 2024 WL 987572 (W.D. Tex. Mar. 7, 2024), an action for equitable accounting is proper "when the facts and accounts presented are so complex that adequate relief may not be obtained by law." *Von Scheele v. Wells Fargo Bank, N.A.*, No. SA-12-CV-00690-DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013).

Because Haas has not shown that information related to NewRez's fees are complex, the Court recommends that the District Court grant summary judgment to NewRez on the equitable accounting claim. *Kingman Holdings*, 2016 WL 5939366, at *4 (granting summary judgment on accounting claim after plaintiff "provided no summary judgment evidence suggesting that the information it seeks is complex such that an order of equitable accounting is proper").

## IV. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant NewRez LLC's Motion for Summary Judgment (Dkt. 11) as to Plaintiff Kristina Jesterle Montoya Haas' claims for (1) fraud in a real estate transaction, (2) equitable accounting, and (3) breach of contract in her individual capacity, and **DENY** the motion as to Plaintiff's claim for breach of contract in her capacity as the executor of the estate of Thomas R. Montoya.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 18, 2024.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

9