IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KRISTINA JESTERLE MONTOYA HAAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-278-RP |
| | § | |
| NEWREZ LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

  Before the Court is the report and recommendation from United States Magistrate Judge Susan Hightower concerning Defendant NewRez LLC's ("NewRez") Motion for Summary Judgment, (Dkt. 11). (R. & R., Dkt. 15). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Hightower issued her report and recommendation on June 18, 2024. (*Id.*). NewRez filed a partial objection to the report and recommendation, (Dkt. 16), to which Plaintiff Kristina Jesterle Montoya Haas ("Haas") did not timely file a response.

  Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

  No party has objected to the magistrate judge's findings that the Court should grant summary judgment on Haas's claims for fraud in a real estate transaction, equitable accounting, and

1

breach of contract in her individual capacity. (*See* R. &. R., Dkt. 15, at 8). The Court therefore reviews those portions of the order for clear error. Having done so, the Court adopts those portions of the report and recommendation.

NewRez timely objected to the magistrate judge's recommendation that Haas has standing to sue in her capacity as executor of the estate of Thomas R. Montoya and also objected on the grounds that Haas had not provided evidence of damages, which the report and recommendation did not address. Having reviewed the report and recommendation de novo, the Court adopts the report as to Haas's standing as executor and overrules NewRez's objections on the issue of standing.

However, NewRez correctly notes that the report and recommendation did not address the issue of damages. Having reviewed NewRez's motion and the record, the Court finds that Haas has failed to provide evidence of damages and failed to meaningfully contest NewRez's motion on the grounds of damages. In its motion for summary judgment, NewRez argued that Haas failed to show any evidence of actual damages. (Mot. Summ. J., Dkt. 11, at 10 ("Plaintiff is not entitled to recover damages or attorney's fees because she has neither established any entitlement to damages, nor asserted any viable claims against NewRez.")). Haas did not timely respond to the motion. Instead, after the Corut issued an order to show cause, Haas filed a response, but did not raise the issue of damages. (*See* Resp., Dkt. 13). Instead, Haas contested whether she was entitled to an accounting of the payoff amount, but not the amount of damages she was entitled to. (*Id.*). In its reply, NewRez emphasized that Haas's response did not provide admissible evidence of damages. (Reply, Dkt. 14, at 4 ("Plaintiff has failed to provide any admissible evidence supporting her entitlement to damages. Plaintiff did not present any argument or address Defendant's legal arguments relating to damages.")).

NewRez timely objected to the omission of damages in the report and recommendation. Despite this objection, Haas did not file a response. Haas has had three opportunities to contest

damages: (1) in a timely response to the motion for summary judgment; (2) in her response filed after the Court's show cause order, and (3) in a response to NewRez's objections. Haas failed to assert evidence of damages at each turn. Accordingly, the claim has been forfeited. Given the lack of evidence supporting Haas's entitlement to damages, the Court will grant summary judgment for NewRez on that claim.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 15), is **ADOPTED IN PART**. NewRez's Motion for Summary Judgment, (Dkt. 11), is **GRANTED** as to Haas's claims for fraud in a real estate transaction, equitable accounting, breach of contract in her individual capacity, and damages. Although Haas has standing to sue as executor, the Court grants the motion for summary judgment as to the entirety of Haas's remaining claims because Haas has failed to contest damages.

Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on August 6, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE